J-S05031-22

2022 PA Super 138

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERALD LATEITH BROWN | : | |
| | : | |
| Appellant | : | No. 897 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003336-2015

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

CONCURRING OPINION BY DUBOW, J.:   **FILED: AUGUST 10, 2022**

In this case, Appellant appealed the Judgment of Sentence and this Court remanded the case for the production of documents, a new suppression hearing and, depending on the decision of the suppression court, a new trial. After remand, the Commonwealth failed to take any action to prosecute this case within 365 days. Appellant filed a Rule 600 Motion, which the trial court denied.

The Majority Opinion affirms the decision of the trial based upon its reading of Rule 600(A)(2)(e).  Rule 600(A)(2)(e) provides that "when an appellate court has remanded a case to the trial court, **the new trial shall commence within 365 days** from the date of the written notice from the appellate court to the parties that the record was remanded." Pa.R.Crim.P. 600(A)(2)(e) (emphasis added). The Majority concludes that since Rule 600(A)(2)(e) only refers to "the new trial," the time limitations set forth in

Rule 600 do not apply to the Commonwealth in this case because the Superior Court did not remand for a new trial, but rather a new suppression hearing. Maj. Op. at 10. I am constrained to agree with this statutory construction of Rule 600(A)(2)(e) and join the Majority Opinion.

I, however, write separately to express my dismay that the Commonwealth, following our remand, took no action for more than a year to prosecute this case. Our Supreme Court has repeatedly held that the Commonwealth has an obligation to proceed with due diligence at all times during the pendency of a case. *See generally Commonwealth v. Harth*, 252 A.3d 600, 618 (Pa. 2021) (discussing Rule 600 and the Commonwealth's due diligence requirement throughout a case).

I urge the Pennsylvania Criminal Procedural Rules Committee to evaluate whether it is appropriate for the Commonwealth to have no time requirement to prosecute a case when this Court remands a case for a proceeding other than a trial. I suggest that the Committee consider imposing the one-year time limitation on not only trials, but also any proceeding for which Superior Court remands a case.